RichardsoN, Ch. J.,
delivered the opinion of the court:
The claimant moves that the following agreement, made between the claimant and the defendants’ attorney, “be stricken from the file and rendered inoperative and void: ”
“In the Court of Claims. Indian Depredation. Sam’l M. Earhart v. United States et al., No. 3715.
“ It is agreed in this cause by the claimant and by O. L. Carter [H. A. G-udger] on behalf of the United States that upon *344 the filing of the depositions of the claimant and bis witnesses in the Court of Claims, and an inspection of tbe said depositions by the Assistant Attorney-General when the case is reached for the defense, that the United States shall have the privilege of farther cross-examining the claimant and his witnesses without making the evidence resulting from said further cross-examination proof for the defense, if in the judgment of the Assistant Attorney-General said further cross-examination is deemed necessary for the interests of the defense.
“Samuel M. Earhart,
“ Claimant.
“H. A. Gudg-er,
“Assistant Attorney United States.”
The reasons assigned for the motion are—
“1. Because I, as the attorney of record for this claimant, had no notice that any such agreement would be presented to the claimant, and if I had any such notice should certainly have objected to his signing such an agreement.
“2. Because it divests the claimant of his rights as a litigant, and renders it impossible for him to close his own evidence at any time until the Government has agreed to let him.
“3. Because it obligates the claimant to pay for the transcribing of evidence which the Government might at its caprice desire to take in its own behalf after the claimant had put in all the evidence that he desired.
“4. Because it takes an unjust advantage of the claimant’s ignorance.”
According to the uncontroverted statements of counsel on the trial, this agreement in a printed form was presented by the attorney for the defendants to the claimant for his signature at the close of the taking of his deposition in Texas, and was signed by him without consultation with his attorney of record, although with the knowledge and consent of the local attorney employed by the attorney of record to appear at the taking of the deposition without, instruction as to such an agreement. Like agreements had been signed in the same form and manner by claimants whose depositions were taken in places distant.from Washington in numerous other cases pending in this court. On behalf of the defendants it was stated that while such agreements had been taken in many cases it was their intention to enforce them only under special and exceptional circumstances which had not yet occurred in this case, and then with proper consideration for the convenience of claimants.
*345 While we have entire confidence in the officers of the Department of Justice and of their perfect good faith in the procurement of these agreements and in their intentions as to the enforcement, we are of opinion that the agreement trenches so vitally upon the province of the attorney of record and of the court, as well as upon the law itself, that its enforcement by the defendants can not be allowed.
From the manner in which the agreement was entered into it is not probable that the client intended to supersede the authority of his attorney of record, but acted rather incautiously and perhaps signed the paper as a mere matter of form, supposing it to be in some way necessarily connected with his deposition, i. e., his further cross-examination. The local attorney exceeded his authority in allowing the claimant to sign it.
An attorney of record has the entire control of the conduct and management of the suit. A party may conduct his own case if he pleases, but if he intrusts it to an attorney he can not take part in the proceedings, not even to address the court, without the consent of his attorney. Much less can he enter into agreements with opposing attorneys in relation to matters of procedure without consultation with his attorney of record while he continues the employment of the same attorney.
. Moreover, if the defendants desire to take the deposition of a claimant with the privilege of using it or not at their option, section 1080 of the Revised Statutes provides how it may be done. That section introduces an anomalous practice before unknown in the law of this country or of England, whence we draw most of our forms of procedure. In Truitt’s Case (ante, p. 19) the court at this term expressed its views on the apparent object of that section.
The order of the court is that the agreement be inoperative; but if the defendants should desire to further cross-examine the claimant, the court will consider a motion to require him to appear for that purpose.